WALTER S. COOMBS, ASSIGNEE, PLAINTIFF-APPELLANT, v. ERNEST MUTZBERG ET AL., DEFENDANTS-RESPONDENTS.

Submitted May 18, 1930—Decided March 5, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Saul M. Mann.*

For the respondents, *John W. Griggs, II,* and *John L. Griggs.*

PER CURIAM.

This appeal brings up the propriety of a judgment entered in the First District Court of Paterson in favor of the defendants. The judgment is attacked upon several grounds: 1. That the judgment is contrary to the weight of the evidence. 2. That the court having entered a judgment of voluntary nonsuit, thereafter without notice to the plaintiff could not change the judgment to one in favor of the defendants.

The state of the case agreed upon for this appeal reads as follows:

"Westervelt V. Coombs, plaintiff's assignor, a plumber, entered into a contract with the defendants, wherein, for twelve hundred seventy-two dollars and seventeen cents ($1,272.17) he contracted to do certain plumbing work in defendants' mill, installing a steam heating plant.

"At the trial of the cause, Westervelt V. Coombs, plaintiff's assignor, testified that the amount of his contract plus extra work and labor totalled twelve hundred seventy-two

dollars and seventeen cents ($1,272.17), upon which the defendants were entitled to credits totalling eight hundred and twelve dollars ($812), leaving a balance of four hundred sixty dollars and seventeen cents ($460.17).

"The defendant, Reinhold Mutzberg, disputed this balance, admitting a balance of a few hundred dollars, but denying the excess.

"The plaintiff and his witnesses testified that all work was done in accordance with the understanding between plaintiff's assignor and defendants, and that all was done in a good and workmanlike manner.

"Defendants and their witnesses testified that the work was not done in a good and workmanlike manner and that the steam heating plant was not functioning, due to the failure of plaintiff's assignor to install return pipes of correct and adequate size, and due to the fact that the sections in the boiler were not hooked up properly, so that proper heat could not be obtained.

"Plaintiff and his witnesses testified that any failure of the heating plant to function was due to the fact that old sections were in use in the furnace; that plaintiff had warned defendants to replace the old sections, but that defendants were willing to take a chance on continuing the old sections in use.

"The defendants further testified that water flowed out of the boiler, that the radiators filled up with water, and that insufficient heat was obtained. On behalf of the defendants, Benjamin A. Christner, a plumber, was produced to testify that the work of the plaintiff's assignor was improperly done; that the plaintiff's assignor was to pipe with coil all three sides, which was not done, only two and one-half sides being piped.

"The said Benjamin A. Christner, a plumber, was the only witness produced by the defendants, with the exception of the defendant Reinhold Mutzberg, and he was the only witness interrogated on the cost of finishing the job and perfecting the defects left by plaintiff's assignor. He testified that it might take a day and it might take longer, but

that he could not say how long it would take to remedy said defects, nor could he say how much it would cost to finish the job and correct the imperfections.

"Plaintiff and his assignor testified that one of the defendants, Ernest Mutzberg, promised to pay the entire balance and did not raise any dispute. This was not denied, since the defendant, Ernest Mutzberg, did not appear at the trial.

"The court, at this point, after hearing the evidence, entered a judgment for the defendants, conditioned upon the plaintiff's returning and perfecting the work. Before the entry of judgment on the record, counsel for the plaintiff moved for a voluntary nonsuit, which motion was granted by the court, and an entry made on the record of the case accordingly. Five days after the entry of nonsuit upon the docket, the court, without notice to the attorney of the plaintiff, at the request of the attorney for the defendants, which request was not made on the open court, changed the record, the clerk striking out the entry of voluntary nonsuit and making an entry of judgment for the defendants.

"Exception to the entry of judgment was made before the court, who refused to vacate the last entry of judgment for the defendants, whereupon this appeal was taken."

We deem it unnecessary to determine the questions relating to the merits because we think the conduct of the court in granting the motion for a voluntary nonsuit was dispositive of the case, and that thereafter the judge could not recall the matter and enter a judgment for the defendant. The docket entries of the District Court as printed in the state of the case shows that the voluntary nonsuit was granted before judgment for defendant was ordered to be entered. It appears from the stipulation in the state of the case that the court waited five days after the entry of the nonsuit, and then without notice to the plaintiff and without any motion in open court, the record was changed. We think this was error and that for this reason the judgment must be set aside.

The judgment is reversed and the record remitted to the District Court for a new trial.